**YING DONG, Petitioner,**

v.

**Mark FILIP, Acting United States Attorney General,[1] Respondent.**

**No. 07–3335–ag.**

United States Court of Appeals, Second Circuit.

Feb. 2, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Mark Filip is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Scott E. Bratton, Margaret Wong & Associates Co., Cleveland, OH, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, John S. Hogan, Senior Litigation Counsel, Edward E. Wiggers, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Ying Dong, a native and citizen of the People's Republic of China, seeks review of a July 5, 2007 order of the BIA affirming the January 20, 2006 decision of Immigration Judge ("IJ") Elizabeth Lamb, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Dong*, No. A98 559 943 (B.I.A. July 5, 2007), *aff'g* No. A98 559 943 (Immig. Ct. N.Y. City Jan. 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,*

426 F.3d 520, 522 (2d Cir.2005). Here, the BIA adopted the IJ's adverse credibility determination, but did not address the IJ's finding that Dong's forced marriage claim was not a ground for asylum. Thus, we review the IJ's adverse credibility determination only. *See id.* at 522. We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

 We conclude that the IJ's adverse credibility determination is supported by substantial evidence. The IJ found implausible Dong's testimony that: (1) she was hiding in her boyfriend's home where she could be easily found by the authorities; and (2) that the authorities did not force her to submit to an IUD insertion, speak to her about other birth control measures, or have any further contact with her after they allegedly forced her to submit to an abortion. An IJ may rely partly or entirely on implausibilities in an applicant's account to determine that the manner in which her testimony "hangs together with other evidence" is not credible. *Ying Li v. BCIS,* 529 F.3d 79, 82 (2d

Cir.2008) (quoting *Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir. 2006)). Here, the account that emerges from Dong's testimony is that she became pregnant before she was permitted to do so under the family planning policy, and feared "mandatory induced abortion" by the family planning cadres. Therefore, she went into hiding in her boyfriend's home, a place that even she acknowledged was "the most dangerous spot" for her. While the government forced her to submit to an abortion because she was unmarried and underage, she was not required to submit to an IUD insertion, or informed about other birth control measures, and the government had no further contact with her. The IJ found that such testimony was implausible in light of the background materials in the record. We will not disturb that finding. *See Ying Li,* 529 F.3d at 82–83; *see also Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007) (finding that an IJ's inferences will not be rejected if they are "made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

The IJ also properly found that while Dong testified that her father was beaten on two occasions by the village chief's thugs, his letter omitted that assertion. An IJ is entitled to rely on an inconsistency between an applicant's testimony and a written submission to support an adverse credibility determination. *See Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir. 2006). Moreover, it was reasonable for the IJ to find that Dong was unable to rehabilitate her testimony where she failed to corroborate her claims. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

 These findings provide substantial evidence for the IJ's determination that Dong was not credible and that she was therefore ineligible for asylum. *See* 8

U.S.C. § 1158(b)(1)(B)(iii); *see also Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (finding that the IJ may rely on the cumulative effect of discrepancies or evidentiary gaps that concern matters ancillary or collateral to the applicant's claim). Moreover, the adverse credibility determination necessarily precludes success on her claim for withholding of removal, where both claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). We are without jurisdiction to consider any challenge to the agency's denial of CAT relief, as Dong failed to challenge that denial in her appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.